# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL DOCKET NO.: 5:06CR22

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| DONZEL FREDRIKUS STINSON (20), ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Government's "Motion for Revocation and Stay of the Magistrate's Order," filed July 19, 2006.

Defendant was charged by way of Bill of Indictment with conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841, 846. United States Magistrate Judge David Keesler presided over Defendant's original detention hearing on June 6, 2006. At the conclusion of this hearing, Defendant was ordered detained. Subsequently, on July 11, 2006, Defendant pled straight up to Count One of the Bill of Indictment. On July 13, 2006, Defendant appeared before Chief United States Magistrate Judge Carl Horn for a bond review hearing.

There is a rebuttable presumption of detention where a person has been found guilty of an offense and is awaiting sentencing. 18 U.S.C. § 3143(a)(1). Defendant contends that this presumption is rebutted in this matter due to the fact that he has entered a straight-up plea of guilty in this case, attended Alcoholics Anonymous classes, worked full-time prior to his arrest, has strong religious convictions, has strong family support, and has a place to live while on bond. Moreover, Defendant argues that he has provided substantial assistance to the Government and

1

defense counsel expects that as a result of this assistance, the Government will file a motion for a downward departure.

At the conclusion of the hearing, Magistrate Judge Horn released Defendant on bond. The Magistrate Judge concluded that the fact that Defendant clearly accepted responsibility for his actions in this case, expressed an intent to cooperate with the Government and has already been cooperating with the Government, has a sincere conviction of religion, and has a supportive family with whom he could live upon release were all sufficient factors to warrant release at that time. Moreover, Magistrate Judge Horn released Defendant upon various conditions, which included that Defendant: (1) execute a $25,000 unsecured bond; (2) live in Asheboro, North Carolina with his mother; (3) work and support his three children; (4) be subjected to drug testing; and (5) have a curfew of 10 p.m. and not leave the house before 6 a.m. The Government opposes this release and moves for an Order of Revocation of the Magistrate Judge's Order of Release.

This Court reviews *de novo* the Magistrate Judge's detention order. *United States v. Williams*, 753 F.2d 329, 333 (4th Cir. 1985). The Court has reviewed the recording of the hearing before Magistrate Judge Horn, as well as the contents of the criminal file in this matter. In determining whether there are conditions of release that will reasonably assure the appearance of the Defendant and the safety of other persons and the community, the Court must consider all the evidence regarding:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –
   (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearances at court proceedings; and
   (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed upon the person's release. . .

18 U.S.C. § 3142(g).

Upon review of these factors and for the reasons stated herein, the Court accepts the Magistrate Judge's finding that bond is appropriate. In support of this conclusion, the Court finds significant that since Defendant's first detention hearing, he has pled guilty to the offense charged and has accepted responsibility for his actions in this case. Additionally, as found by the Magistrate Judge, Defendant is twenty-nine years old, has three children to support, has a sincere conviction of religion, and has a residence where he can live upon release. Defendant provided substantial assistance to the Government and, as a result of this assistance, expects that the Government will file a downward departure motion.

Defendant will live with his mother in Asheboro, North Carolina while out on bond and will work full-time. Defendant will be subject to drug testing and will comply with a 10 p.m. curfew and not leave his house before 6 a.m. Taking all of the factors into consideration, the Court finds that this combination of conditions, along with the requirements imposed by Magistrate Judge Horn, will reasonably assure the appearance of Defendant and the safety of the community.

**IT IS, THEREFORE, ORDERED** that the Government's "Motion for Revocation and Stay of the Magistrate's Order" is hereby **DENIED**. Accordingly, the Order of Magistrate Judge Horn authorizing release is hereby **AFFIRMED**.

**IT IS FURTHER ORDERED** that Defendant be released upon the same terms and conditions as ordered by Magistrate Judge Horn on July 19, 2006.

**IT IS FURTHER ORDERED** that the Clerk certify copies of this Order to Defense Counsel, the United States Attorney, the United States Marshal Service, and the United States Probation Office.

Signed: July 19, 2006

Richard L. Voorhees
United States District Judge